IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**KENNETH D. BIGGERS,**

        Plaintiff,

  vs.                           Civil Action  2:05-cv-1156
                                  Judge Sargus
                                  Magistrate Judge King

**JUDGE MIKE LOWE,** *et al.*,

        Defendants.


## REPORT AND RECOMMENDATION
## ON INITIAL SCREEN

      Plaintiff Kenneth D. Biggers, a state prisoner, brings this civil rights action without prepayment of fees or costs.  28 U.S.C. §1915(a).  This matter is now before the Court for the initial screen of the complaint required by 28 U.S.C. §§1915(a), 1915A.

      The complaint seeks monetary damages against certain state court judges and an assistant county prosecutor, as well as officers employed by the Morgan and Washington Counties Sheriffs' Offices. Plaintiff alleges that premises (one owned by plaintiff's girlfriend) were improperly searched and that plaintiff was falsely arrested and maliciously prosecuted, subjected to unnecessary force, denied needed medical care, and was denied a speedy trial, all in violation of plaintiff's constitutional rights and because of his African-American heritage.  It appears that plaintiff's criminal proceedings remain pending on appeal in state court.

      Judges and prosecutors are absolutely immune from liability for monetary damages under 42 U.S.C. §1983 for conduct alleged to have occurred during the course of their judicial and prosecutorial functions.

*Pierson v. Ray,* 386 U.S. 547, 553-54 (1967); *Imbler v. Pachtman,* 424 U.S. 409 (1976). Moreover, a federal court cannot entertain a civil rights damages claim under §1983 if to do so would imply that an existing criminal conviction is unlawful; rather, the plaintiff must first establish, through a petition for a writ of habeas corpus or another avenue, that his criminal conviction has been overturned or vacated. *Heck v. Humphrey,* 512 U.S. 477 (1994).

The claims against the defendant state court judges and assistant prosecutor are claims on which these defendants are vested with absolute immunity for the relief sought by plaintiff. These defendants must be dismissed from the action. Moreover, the only claims that would not imply the invalidity of plaintiff's criminal conviction relate to the alleged excessive use of force and alleged failure to provide medical care to plaintiff. It is uncertain, however, whether any of the remaining defendants caused or even participated in that alleged wrongdoing. Plaintiff will therefore be required to file an amended complaint in which he expressly specifies those individuals who he alleges caused or participated in the alleged use of excessive force and denial of medical care.

It is therefore **RECOMMENDED** that defendants Lowe, Favrue and Howdyshell be dismissed and that all claims other than the claims of excessive force and denial of medical care be dismissed. As to the claim of excessive force and denial of medical care, plaintiff is **ORDERED** to file, within twenty (20) days of the date of this *Report and Recommendation,* an amended complaint in which he specifies the person or persons responsible for the claimed excessive force and alleged denial of medical care.

If any party seeks review by the District Judge of this *Report*

**2**

*and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

<u>December 22, 2005</u>                             <u>    *s/Norah McCann King*    </u>
                                            Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge