IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN BIGGERS,

    Plaintiff,

vs.

JUDGE MIKE LOWE, et al.,

    Defendants.

Civil Action 2:05-CV-1156
Judge Sargus
Magistrate Judge King

### ORDER

On July 17, 2007, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the defendants' motions for summary judgment, Doc. Nos. 36, 37, be granted. Doc. No. 49. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, Doc. No. 53, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b).

Plaintiff, a state prisoner proceeding *pro se,* alleges that his constitutional rights were denied him during the course of his April 11, 2004, arrest and incarceration. *See* 42 U.S.C. §1983. Only the claims of excessive force and denial of medical care remain and the only defendants remaining are the officers and officials of the Washington and Morgan Counties Sheriffs. *See Order*, Doc. No. 7. The Magistrate Judge concluded that the firing by defendant Stephens of a taser in effecting plaintiff's arrest did not amount to unconstitutional excessive force, *Report and Recommendation*, at 6, and that plaintiff was not denied medical care for a serious medical condition by any defendant, *Id.*, at 8. The Magistrate Judge also rejected plaintiff's contention that he should be permitted more discovery, with the assistance of appointed

counsel: "[P]laintiff does not specify the additional discovery necessary to support his claims, and he fails to explain how 'doctor records as well as the jail reports' would support either claim." *Id.*, at 9. It is this last conclusion to which plaintiff objects.

In his objection, plaintiff asserts that "the arresting officer and the one whom [sic] shot me with the tasser [sic] gun was not a leagel [sic] officer, he was not out of the academy, therefore he was not to take part in any case but only observe." *Objections*, Doc. No. 53. Plaintiff apparently refers to information contained in a document filed by him in opposition to the defendants' motions for summary judgment. Doc. No. 48. That document, *i.e.*, apparently a letter, dated April 6, 2004, regarding the failure of defendant Jenkins to meet his certification requirements, directs that defendant Jenkins "should cease functioning as a peace officer and carrying a weapon until the required training is completed." *Exhibit* attached to Doc. No. 48.

However, it was not defendant Jenkins, a deputy with the Morgan County Sheriff's Office, who shot the taser. As even plaintiff alleged in the *Amended Complaint*, Doc. No. 6, it was a Washington County Deputy Sheriff who shot the taser in effecting plaintiff's arrest. *Amended Complaint*, at 2. All defendants agree that defendant Stephens was that Washington County Deputy Sheriff. *Thomas Jenkins' Affidavit*, at ¶12, Doc. No. 46; *Larry Stephens' Affidavit,* at ¶16, attached as *Exhibit B,* to Doc. No. 36.

Thus, the information that plaintiff asserts was unavailable to him was in fact furnished by plaintiff to the Court in response to the motions for summary judgment. That information, however, does not undermine the reasoning, conclusions or recommendations of the Magistrate Judge.

2

Accordingly, plaintiff's objection to the *Report and Recommendation* is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Defendants' motions for summary judgment, Doc. Nos. 36, 37, are **GRANTED**.

The Clerk shall enter **FINAL JUDGMENT**.

8-9-007
Date

Edmund A. Sargus, Jr.
United States District Judge

3